IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER COTY MAIER,

                               Petitioner,

           v.                       CASE NO. 17-3047-SAC

STATE OF KANSAS,

                           Respondent.

CHRISTOPHER COTY MAIER,

                               Petitioner,

                               CASE NO. 17-3048-SAC

STATE OF KANSAS,

                           Respondent.

MEMORANDUM AND ORDER

These actions are petitions for habeas corpus filed by a pretrial detainee held in the Douglas County Jail, Lawrence, Kansas. Petitioner filed Case No. 17-3047 under 28 U.S.C. § 2241 and Case No. 17-3048 under 28 U.S.C. § 2254. The Court has conducted an initial screening of these actions, and, finding them to be essentially identical, consolidates them for ruling. *See* Fed. R. Civ. P. 42(a)(2)("[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions.")

In both actions, petitioner alleges broadly that he was coerced to attend court, that he was there denied due process and trial by jury, that he is being illegally held under the name of a limited liability corporation, and that the "so-called victim" was arrested for lying and sent to prison. He seeks the dismissal of the charges

pending against him and immediate release.

### Screening standard

A district court must review a petition for habeas corpus promptly and must summarily dismiss the matter "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…." Rule 4, Rules Governing Section 2254 Cases.

### Discussion

A pretrial detainee may challenge his confinement under 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007)(considering a double jeopardy claim presented under Section 2241 in a petition filed by a pretrial detainee). However, a federal court should abstain from exercising its jurisdiction in a pretrial habeas corpus action if the claims presented by the petitioner may be resolved either by a trial on the merits or by other available state court remedies. *Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993).

In *Younger v. Harris*, 401 U.S. 37 (1971), the U.S. Supreme Court held that a federal court should not intervene in a state criminal action filed before the commencement of the federal action where the state court proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate forum to present the petitioner's federal claims. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). Where these conditions are met, a federal court should intervene only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."

*Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Here, the state court action against petitioner is ongoing, and the State has an important interest in conducting criminal proceedings against those charged with violations of state criminal law. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986)("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") Petitioner does not suggest any reason why the Kansas state courts cannot provide a fair forum for him to present any federal claims, nor does he suggest the state proceedings were brought for a patently improper purpose.

Petitioner's failure to exhaust state court remedies provides a second basis for the dismissal of this action. A petitioner seeking federal habeas corpus relief under Section 2241 must first seek relief from the state courts, including the state appellate courts. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.") Petitioner does not show that he has exhausted his claims by presenting them to the state courts.

## Conclusion

The Court concludes this consolidated matter must be dismissed without prejudice. There is no ground shown for federal intervention in the state criminal proceedings against petitioner, nor has petitioner exhausted available state court remedies.

The Court also declines to issue a certificate of appealability in this matter because petitioner has not made a substantial showing

that jurists of reason would find the resolution of this matter to be debatable.

IT IS, THEREFORE, BY THE COURT ORDERED these actions are consolidated and are dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motions to proceed in forma pauperis are denied and the Notices of Deficiency entered in these matters are set aside.

IT IS FURTHER ORDERED the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

DATED:  This 24th day of March, 2017, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge